# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 12, 2017

154833 & (55)

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

LESLIE ELIJAH MALONE, JR.,
      Defendant-Appellee.

SC: 154833
COA: 329989
Berrien CC: 2014-005002-FH

_____/

On order of the Court, the application for leave to appeal the October 4, 2016 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court. The motion for bail is DENIED as moot.

MARKMAN, C.J. (*dissenting*).

I respectfully dissent and would reverse the judgment of the Court of Appeals for the reasons set forth by the Court of Appeals dissent. In particular, I believe the police officer in this case properly and effectively drew upon his "own experience and specialized training to make inferences from and deductions about the cumulative information available to [him] that might well elude an untrained person." *United States v Arvizu*, 534 US 266, 273 (2002) (quotation marks and citations omitted). Moreover, I agree with the Court of Appeals dissent that the majority's analysis in that Court "places too much emphasis on the sufficiency of each independent reason offered by [the officer] and the trial court, as opposed to the collective value of those reasons." *People v Malone*, unpublished per curiam opinion of the Court of Appeals, issued October 4, 2016 (Docket No. 329989) (MURRAY, P.J., dissenting), p 3. See also *Arvizu*, 534 US at 274 ("The [lower] court's evaluation and rejection of seven of the listed factors in isolation from each other does not take into account the 'totality of the circumstances,' as our cases have understood that phrase. The court appeared to believe that each observation by [the officer] that was by itself readily susceptible to an innocent explanation was entitled to no weight. *Terry*[ *v Ohio*, 392 US 1 (1968)], however, precludes this sort of divide-and-conquer analysis. . . . Although each of the series of acts [in *Terry*] was perhaps innocent

2

in itself, we held that, taken together, they warranted further investigation.") (quotation marks and citations omitted). While reasonable minds may disagree, in my judgment, the factors identified here by the officer and by the trial court (not least of which were conflicting statements made by defendant to the officer concerning the purpose of his trip), "taken together, . . . warranted further investigation" and supplied the officer with a "particularized and objective basis for suspecting legal wrongdoing." *Id.* at 273-274 (citations and quotation marks omitted).

WILDER, J., took no part in the decision of this case.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 12, 2017



Clerk

p0509